**[J-50-2024] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| CHANEL GLOVER, | : | No. 9 EAP 2024 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court entered on |
| | : | December 11, 2023, at No. 1369 |
| v. | : | EDA 2022, affirming the Order of |
| | : | the Court of Common Pleas of |
| | : | Philadelphia County, Domestic |
| NICOLE JUNIOR, | : | Relations Division, entered on |
| | : | May 4, 2022, at No. D22048480. |
| Appellee | : | |
| | : | ARGUED:  September 11, 2024 |

## CONCURRING OPINION

**JUSTICE BROBSON**                                        **DECIDED: March 20, 2025**

"In the instant matter, it is undisputed that the parties, a married couple, mutually agreed to utilize IVF for the purpose of having a child together."  (Trial Ct. Op., 8/1/2022, at 9.)  Based upon the totality of the undisputed evidence of record, "the trial court concluded that Junior was a legal parent based upon principles of contract law."  *Glover v. Junior*, 306 A.3d 899, 911 (Pa. Super. 2023).  The Superior Court reviewed the record and likewise determined that "[t]he certified record demonstrates the parties' mutual assent, actions in furtherance of the sufficiently definite terms of the agreement, and consideration."  *Id.* at 916.  Consequently, the Superior Court concluded that "Junior has an enforceable right to parentage under principles of contract law."  *Id.*

In reaching that conclusion, the Superior Court examined the documents and testimony relied upon by the trial court and presented a compelling analysis.  The Superior Court explained that the evidence established that the parties "*intended* to collectively

assume legal parentage of the child born via artificial reproductive technology." *Id.* at 914 (emphasis added). The Superior Court, however, did not stop its analysis there. Applying well established contract principles—*i.e.*, the elements of a contract: "(1) mutual assent; (2) consideration; and (3) sufficiently definite terms"—to the facts adduced at trial, it opined that, "[i]n addition to the parties' mutual intent," the parties' "conduct . . . evinces the existence of an oral contract between them." *Id.* The Superior Court supported its conclusion as to the first and third elements by citing evidence, including the conduct of the parties, the contracts to which Junior was an essential party, and the statements of the parties in sworn affidavits. *Id.* at 913-14, 916. Turning to this Court's definition of "consideration," the Superior Court concluded that Junior's payment of "one-half of all the expenses" and "the shared emotional role" of accompanying Glover and assisting with her medical treatment throughout her pregnancy constituted consideration for the contract. *Id.* at 915 (citing *Pa. Env't Def. Found. v. Com.*, 255 A.3d 289, 305 (Pa. 2021) ("Consideration is defined as a benefit to the party promising, or a loss or detriment to the party to whom the promise is made.")). To the extent the Majority criticizes the lower court's conclusion for lacking sufficient evidence to prove the elements of a contract, I am unpersuaded. It is apparent to me that the abundant evidence of record clearly demonstrates an oral contract or, in the least, a contract implied in fact. *See Cameron v. Eynon*, 3 A.2d 423, 424 (Pa. 1939) ("[A] contract implied in fact . . . is an actual contract . . . which arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from their acts in the light of the surrounding circumstances.").

With due respect to "the evolving role played by alternative reproductive technologies," I do not believe the present matter requires this Court to create a new precept of law to justly resolve this dispute. *Ferguson v. McKiernan*, 940 A.2d 1236, 1245

(Pa. 2007). Because the Superior Court appropriately concluded that the record amply supported the trial court's finding of a contract between Junior and Glover to share equal parental rights of the child at the center of this dispute, I would affirm the order of the Superior Court on that basis alone. When existing law is sufficient to provide a resolution to a controversy, it is imprudent for a court to expand existing law to reach the same result. The Majority's recognition of intent-based parentage in circumstances that evidence contract-based parentage is an unnecessary expansion of the law, blurs the lines between the two theories of parentage, and creates confusion as to the future relevance of contract-based parentage entirely.

For these reasons, I respectfully concur in the result only.

Justice Mundy joins this concurring opinion.